UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: JOHN ALLEN HEIDINGSFELDER, | ) ) ) | |
| Debtor. | ) ) ) ) ) | 3:05-cv-152-RLY/WGH  Related to Bankruptcy Petition #05-70578-BHL-11 |

**ENTRY ON UNITED STATES' COMBINED MOTION (1) TO WITHDRAW THE REFERENCE AND HAVE DISTRICT COURT ADJUDICATE BANKRUPTCY CASE, (2) FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, AND (3) TO MODIFY THE STAY TO PERMIT DISTRICT COURT ACTION TO PROCEED, AND BE ADMINISTRATIVELY CONSOLIDATED WITH BANKRUPTCY CASE, SO THAT THE CHAPTER 11 TRUSTEE MAY ALSO BE APPOINTED AS A RECEIVER FOR DEBTOR'S POSTPETITION INCOME IN THE DISTRICT COURT ACTION**

Under 28 U.S.C. § 157, district courts may refer bankruptcy cases to bankruptcy courts, and under Local Rule 83.8, all cases and proceedings arising under Title 11 are referred to the bankruptcy judges of the Southern District of Indiana. Pursuant to 28 U.S.C. § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred to under this section . . . on timely motion of any party for cause shown."

In the case at bar, the United States argues that the district court's reference to the bankruptcy court should be withdrawn on the grounds of judicial economy. The court disagrees. The bankruptcy court is in a unique position to efficiently adjudicate Chapter

1

11 proceedings, particularly because the bankruptcy court is more familiar with such proceedings than the district court. And tax matters are not foreign to the bankruptcy court, which is well-equipped to address substantive federal income tax issues.

The United States also claims that withdrawing the reference would promote the economy of combined estate administration. To this end, the United States argues that in the event that a trustee and a receiver are appointed, those two positions should be filled by the same person. However, in the event that both a receiver and a trustee are appointed, the mere fact that the reference has not been withdrawn will not prevent the courts from evaluating efficiency concerns at that time and, if feasible and appropriate, having the same person fulfill both roles.

For these reasons, the United States' Motion to Withdraw the Reference and Have District Court Adjudicate Bankruptcy Case is **denied**. Because the reference has not been withdrawn, the court declines to address the United States' Motion for the Appointment of a Chapter 11 Trustee or its Motion to Modify the Stay. Those motions are hereby **referred** to the bankruptcy court, for further proceedings in Cause Number 05-70578-BHL-11.

Dated: August 30, 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Harry L. Mathison
KING DEEP & BRANAMAN
hmathison@kdblaw.com

Bonni Jessica Perlin
U.S DEPARTMENT OF JUSTICE
bonni.perlin@usdoj.gov

Copies to:

Charles Wharton
UNITED STATES TRUSTEES OFFICE
101 W Ohio St 10th Floor
Indianapolis, IN 46204

Judge Lorch